JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David G. Mangold

### DEFENDANTS
Peco Energy

**(b)** County of Residence of First Listed Plaintiff: Milwaukee County, WI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark S. Scheffer, Law Offices of Mark S. Scheffer, P.O. Box 111, Birchrunville, PA 19421, 610-915-8351

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1981

Brief description of cause:
employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/16/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Davin G. Mangold : CIVIL ACTION

v.

Peco Energy : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

12/16/2019          Mark S. Scheffer
**Date**          **Attorney-at-law**          **Attorney for** Plaintiff

610-915-8351          Marksscheffer@gmail.com
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 985 W Morgan Ave, Milwaukee, WI 53221

Address of Defendant: 2301 W. Market St., Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/16/2019   */s/ Mark S. Scheffer*   59271
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Mark S. Scheffer, counsel of record or pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: 12/16/2019   */s/ Mark S. Scheffer*   59271
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

Mark S. Scheffer, Esquire
**LAW OFFICES OF MARK S. SCHEFFER**
Identification Nos. 59271
P.O. Box 111
Birchrunville, PA 19421                                            Attorney for Plaintiff
(610) 915-8351

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID G. MANGOLD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. |
| | : | |
| **PECO ENERGY** | : | **JURY TRIAL DEMANDED** |

COMPLAINT

1.  Plaintiff, David G. Mangold, is a white male and citizen of the United States of America.

2.  Plaintiff, at all relevant times, was employed by Defendant as a Senior Business Analyst, and had been working with Defendant as a contractor since and as a full-time employee working for Defendant in its Philadelphia, PA office since 2015.

3.  Defendant, Peco Energy, is an energy services company with its primary office located at 2301 Market Street, Philadelphia, PA 19101. It is a subsidiary of Exelon Corporation, which is headquartered in Chicago and has Chris Crane as its President and CEO.

4.  Plaintiff asserts causes of action herein under 42 U.S.C. §1981 ("§1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 et seq. ("PHRA").

5.  The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

6.  On or about September 21, 2018 Plaintiff filed a charge of gender and race

1

discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). This charge was amended by Plaintiff on or about December 22, 2018.

7. Plaintiff requested that his charge be dual-filed with the applicable local agency, the Philadelphia Commission on Human Relations, to preserve his rights under the PHRA.

8. On September 18, 2019 the EEOC issued a Dismissal and Notice of Right to Sue on Plaintiff's charge.

9. On or about January of 2016, Defendant implemented a program called Accelerated Workplace Diversification ("AWD"). The goal of AWD was to increase the "diversity" of Defendant's workforce by 7% between 2016 and 2020. Under AWD, only white males were not considered "diverse."

10. According the to AWD, Defendant's recruiters for employment were required to take consideration of the race and ethnicity of an applicant during the hiring process. Additionally, Defendant required all of its Vice Presidents to achieve the AWD diversity goal, and indicated that monetary penalties would result if the diversity goal were not met.

11. To achieve the AWD goal, Defendant would not only have to accelerate hiring of minority and female employees (over 70% of all external hires would have to be diverse candidates) but would also need to eliminate white male employees from the workforce.

12. The AWD program was implemented not only in Defendant but also throughout Exelon's subsidiaries.

13. Plaintiff received "meets expectations" performance evaluations from his supervisor, Paul Miles, for the 2015 and 2016 work years and received many commendatory comments and awards regarding his work.

14. One of the projects imagined, created and designed by Plaintiff was a Gas

Estimate System ("Gas Estimate System") that was analyzed by Defendant's Innovation group and projected to save Defendant approximately 4 million dollars a year. The GES was implemented and activated by Defendant in 2017.

15. Despite Plaintiff's exceptional work in 2017 as exemplified by the GES, Mr. Miles gave Plaintiff a downgraded "limited impact" rating for 2017 which cost him his bonus for the year.

16. Mr. Miles indicated that Plaintiff's lower rating was due in large part to an unsubstantiated allegation that had been made about Plaintiff by two female managers that he wrote "terse" emails.

17. On or about February 17, 2018 Plaintiff met with Sabrina Brooks, a black female and Mr. Miles's supervisor, to discuss among other things his 2017 evaluation. Plaintiff had requested a meeting with Ms. Brooks pursuant to her open door by which employees were told that they could express any question or concern without fear.

18. At his meeting with Ms. Brooks, Plaintiff brought a sheet of notes with abbreviations to guide him in his discussion with Ms. Brooks. At the end of the meeting, Ms. Brooks requested that Plaintiff provide her with his notes, and he did so.

19. The meeting with Ms. Brooks was cordial and went well, and seemingly ended without incident.

20. Nonetheless, Ms. Brooks reported Plaintiff to Corporate Security and indicated that she felt threatened by him at the meeting.

21. In her discussions with Corporate Security, Ms. Brooks said that Plaintiff had told her that he was a "big fan" and "follower" of an individual on social media called "Q" or "Q Anon," and also that Plaintiff had an unusual personality and struggled to connect with co-

workers. Despite claiming that she was threatened by Plaintiff, Ms. Brooks conceded that Plaintiff did not make any remarks that "directly" threatened her.

22. On Sunday, February 25, 2018 Plaintiff received a call from Corporate Security and was told to not report to his office in the morning but report directly to security.

23. Plaintiff reported to security on Monday, February 26, 2018 and was subjected to an approximately 4 hours of questioning as if he were a criminal, and wherein: he was accused of violent behavior and threatening Ms. Brooks; he was not allowed to leave the room unaccompanied at any time; he was mocked, insulted, and his behavior described as the "creepiest thing" that had ever been seen; he was repeatedly pressured to quit or resign his job in lieu of termination; he had his employee badge, his computer, company credit card and key taken away; and, finally, he was escorted out of the building.

24. Shortly after being escorted off Defendant's premises Plaintiff had a phone conversation with HR Business Partner, Christopher Smith. Mr. Smith implied that Plaintiff was going to be fired and pressured Plaintiff to resign, telling him that it was still possible for him to leave Defendant on good terms, but that he had to do so "by the end of the day."

25. Under these circumstances, which included threats of termination and repeated pressure to quit, Plaintiff resigned his employment in lieu of being terminated and having his exemplary career blemished by a termination under the cloud of the false and derogatory claims made against him, and Plaintiff's resignation constitutes a constructive discharge or termination as a matter of law.

26. During the course of his employment, Plaintiff also applied for transfers and promotions that were given to less qualified non-white and/or female employees, and Defendant also promoted or transferred other co-workers of Plaintiff to a level or position Plaintiff had

expressed interest in without posting for the position or giving Plaintiff an opportunity to apply, including both a Hispanic male and a white female from the same work group as Plaintiff.

27. Plaintiff was terminated under a pretext in order to eliminate a white male from its workforce pursuant to Defendant's AWD program. Plaintiff was also falsely stigmatized as a violent white male and a racist threat, and non-white and/or female employees were treated better than Plaintiff. He therefore believes and avers that Defendant discriminated against him on the basis of his race and/or gender by the above-referenced actions.

28. As a direct and proximate result of Defendant's racial and/or gender discrimination, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, emotional distress and anguish, embarrassment, humiliation, pain and suffering, upset, loss of self-esteem, loss of life's pleasures, permanent and irreparable harm and attorney's fees and costs.

## COUNT I (§1981)

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 above as if set forth herein in their entirety.

30. By the above-referenced actions, Defendant violated 42 U.S.C. §1981.

31. As a direct and proximate result of Defendant's violation of §1981, Plaintiff has sustained the injuries, damages and losses set forth herein.

## COUNT II (TITLE VII)

32. Plaintiff hereby incorporates by reference Paragraphs 1 through 28 above as if set forth herein in their entirety.

33. The actions of Defendant violated Title VII.

34. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff

has sustained the injuries, damages and losses set forth herein.

## COUNT III (PHRA)

35. Plaintiff incorporates herein by reference paragraphs 1 through 28 above as if set forth herein in their entirety.

36. Defendant, by the above discriminatory and wrongful conduct as set forth above, has violated the PHRA.

37. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and unlawful treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(b) Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, injury to reputation, loss of life's pleasures, and pain and suffering;

(c) Awarding Plaintiff punitive damages;

(c) Awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(d) Granting or awarding Plaintiff reinstatement to an appropriate position with Defendant; and,

(f) Declaring Defendant's actions to be in violation of 42 U.S.C. §1981, Title VII and the PHRA, and awarding such further relief as available to Plaintiff and as the court deems

appropriate.

                                                Respectfully submitted,

                                                _/s/ Mark S. Scheffer_
                                                Mark S. Scheffer, Esquire